STATE OF NORTH CAROLINA v. TERRY LEE MOORE

No. 25A86

(Filed 2 July 1986)

1. **Criminal Law § 138.28— admission of unprosecuted felonies—considered as character evidence—proper aggravating factors**

    The trial court did not err in a prosecution for second degree murder by sentencing defendant to more than the presumptive term where defendant had admitted under cross-examination that he had been in possession of LSD, that he had sold marijuana, and that he had committed several breaking and enterings and larcenies. The aggravating factor of acknowledged participation in felonies need not have been characterized by the Court of Appeals as a "conviction punishable by more than 60 days' confinement" because, given defendant's character evidence, it was more natural to view defendant's admissions as pertaining to his character; the trial court's assessment of character evidence has been consistently approved for purposes of sentencing; defendant's admissions on the stand as to participation in felonies satisfied the statutory requirements of credible evidence for the purpose of proving character; and defendant's evidence of good character did not cancel out the evidence of bad character since the weighing of factors is in the discretion of the trial judge. N.C.G.S. § 15A-1340.4(a).

2. **Criminal Law § 138.35— murder—seventeen-year-old defendant—age not a mitigating factor**

    The trial court did not abuse its discretion when sentencing a seventeen-year-old defendant for second degree murder by refusing to find defendant's age as a mitigating factor. Age alone is insufficient to support the factor, and it is wholly within the trial court's discretion to assess conditions and circumstances in determining whether defendant's immaturity reduced his culpability. N.C.G.S. § 15A-1340.4(a)(2)(e).

    Justice EXUM dissenting.

    Justices MITCHELL and FRYE join in the dissenting opinion.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, reported

in 78 N.C. App. 77, 337 S.E. 2d 66 (1985), which found no error in the trial and conviction of defendant before *Strickland, J.,* at the 16 April 1984 session of CARTERET Superior Court. Heard in the Supreme Court 10 June 1986.

*Lacy H. Thornburg, Attorney General, by James Peeler Smith, Assistant Attorney General, for the state.*

*Tharrington, Smith & Hargrove, by Roger W. Smith, for defendant.*

MARTIN, Justice.

The body of Angela Ballard was found partially buried in sand at the base of an Atlantic Beach sand dune on the morning of 9 July 1982. Angela's pantsuit was tangled around her feet, and her mouth and throat were packed with sand. A forensic pathologist testified that he observed bruises and scrapes on Angela's face, neck, and chest, and opined that these had been caused by the blows of a blunt object, such as a fist. The pathologist believed the cause of Angela's death to have been asphyxiation, from either the compression of her neck by an arm or the obstruction of the airways by sand, or from a combination of these. An examination of the victim's genital area revealed neither injuries nor the presence of sperm; however, the pathologist testified that such findings did not preclude the possibility that the victim had experienced sexual activity or penetration before her death.

Defendant and his companion, Lee Johnson, testified that they had been with Angela in the wee hours of the ninth and had engaged in sexual intercourse with her near the spot where her body was found. Defendant asserted on the stand that, after Lee had left them, he and Angela had been interrupted by two abusive intruders, one of whom had "jumped on" Angela. He further testified that, even though the other intruder did not defend himself, he attacked the other intruder and punched him. Defendant then blacked out. When defendant regained consciousness, he stumbled upon Angela's body, whereupon he ran off in a panic.

Under cross-examination, defendant admitted to having used a panoply of drugs, to having sold drugs, and to having broken into motel rooms at the beach three or four times in order to steal cash and goods to fund his drug use. Counterpoint to these

admissions was provided by testimony from a number of defendant's neighbors and friends from Garner, N.C., where he had been raised and had still lived with his parents until his arrest for Angela's murder. These witnesses attested to defendant's good moral character and sound reputation in that community.

The jury found defendant guilty of murder in the second degree. Defendant was sentenced to forty-five years' imprisonment, being more than the presumptive term stated for a Class C felony in the Fair Sentencing Act, N.C.G.S. § 15A-1340.4(f). The trial judge found as an aggravating factor that

> defendant acknowledged under oath the following criminal offenses all of which carry sentences in excess of 60 days:
>
> A. Possession of a schedule I controlled substance, L.S.D.[,] a Class H felony.
>
> B. Sale of a schedule VI controlled substance, marijuana, a Class I felony.
>
> C. Breaking and Entering and Larceny, Class H felonies.

As mitigating factors, the trial judge found that defendant had no record of criminal convictions and that he had been a person of good character or had had a good reputation in the community in which he lived.

Two issues concerning the Fair Sentencing Act are before us in defendant's appeal. First, defendant contends that the trial court erred in sentencing him to imprisonment for a period longer than the presumptive term because no aggravating factor other than defendant's acknowledgment of participation in felonious activities was indicated in the judgment and because defendant rejects these admissions as an aggravating factor "reasonably related to the purposes of sentencing." N.C.G.S. § 15A-1340.4(a) (1983). Second, defendant insists that his age of seventeen at the time of the offense was a factor the trial court should have found in mitigation as "immaturity . . . significantly reduc[ing] culpability for the offense." N.C.G.S. § 15A-1340.4(a)(2)(e).

[1] A majority of the Court of Appeals found no error in defendant's trial or sentencing, holding as to the issue of defendant's immaturity that "a person at 17 years of age should be as well aware as any person of the wrong involved in the commission of

murder." 78 N.C. App. at 83, 337 S.E. 2d at 69. We accepted discretionary review of this issue. The court below divided, however, regarding whether defendant's acknowledgment of involvement in felonious activity could support the trial court's finding of an aggravated factor. The majority considered these admissions to be subsumed in N.C.G.S. § 15A-1340(a)(1)(o): whether "[t]he defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement." *Id.* However, Judge Becton dissented on this issue, rejecting the majority's "implicit premises that an uncorroborated admission—without evidence aliunde—is legally sufficient and that a defendant's characterization of conduct as criminal—without regard to whether the conduct was justifiable or excusable—is conclusive." 78 N.C. App. at 84, 337 S.E. 2d at 70.

It is our view that the aggravating factor of acknowledged participation in felonies found by the trial court need not have been characterized "a conviction punishable by sixty days' confinement," as the majority of the Court of Appeals termed it. Given the stream of character witnesses marshalled by defendant, it is more natural to view the substance of defendant's admissions as pertaining to his character than to force them to fit the prior-conviction factor. In fact, the trial court listed these acts as a nonstatutory aggravating factor. N.C.G.S. § 15A-1340.4(a). Before and since the passage of the Fair Sentencing Act, this Court has consistently approved the trial court's assessment of character evidence for purposes of sentencing.

> In determining the proper sentence to impose upon a convicted defendant, it is appropriate for the trial judge to inquire into such matters as the age, character, education, environment, habits, mentality, propensities, and record of the person about to be sentenced.

*State v. Smith*, 300 N.C. 71, 81-82, 265 S.E. 2d 164, 171 (1980). *Accord, State v. Stafford*, 274 N.C. 519, 164 S.E. 2d 371 (1968); *State v. Thompson*, 267 N.C. 653, 148 S.E. 2d 613 (1966); *State v. Cooper*, 238 N.C. 241, 77 S.E. 2d 695 (1953). As defendant had placed his character directly in issue, 1 Brandis on North Carolina Evidence § 108 (1982), specific wrongful acts of the defendant may be brought out to show his character, 1 Brandis § 111. It is within the discretion of the trial court to use any factors, in addition to

those specified in the statute, which are supported by the preponderance of the evidence and which are reasonably related to the purposes of sentencing. N.C.G.S. § 15A-1340.4(a); *State v. Setzer*, 61 N.C. App. 500, 301 S.E. 2d 107, *cert. denied*, 308 N.C. 680 (1983).

There is no reason why defendant should have expected that his admission of participation in several felonies would fall upon deaf ears. It was defendant's right to invoke his fifth amendment privilege against self-incrimination; but having failed to do so, the substance of his testimony was correctly taken into account by the sentencing judge. *See State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164. Further, because these criminal acts were not elements of the offense, their consideration for sentencing purposes was otherwise constitutionally proper. *See State v. Denning*, 316 N.C. 523, 342 S.E. 2d 855 (1986). *See also State v. Barts*, 316 N.C. 666, 343 S.E. 2d 828 (1986) (theft of a firearm, which defendant admitted but with which he had not been charged, was properly considered an aggravating factor in sentencing).

In *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983), this Court affirmed that portion of the Court of Appeals' opinion holding that the defendant's admissions as to his prior convictions elicited upon cross-examination sufficed to satisfy proof of such convictions for the purposes of the Fair Sentencing Act. We hold that admissions on the stand as to participation in felonies may likewise satisfy the statutory requisites of credible evidence — *not*, under the circumstances of this case, for the purpose of proving convictions, but for the purpose of proving character.

Defendant's cohort of character witnesses from Garner presents no impediment to the trial court's finding an aggravating factor based upon defendant's admitted felonious conduct in Atlantic Beach. Evidence of good character and reputation in Garner, in Wake County, does not cancel out evidence of bad character in Atlantic Beach, in Carteret County. The factors are not mutually exclusive, nor are they quantifiable. Even if they were, the weighing of one factor against the other is entirely within the sound discretion of the sentencing judge. *State v. Blackwelder*, 309 N.C. 410, 419, 306 S.E. 2d 783, 789 (1983). Defendant's felonious acts were proved, via admission, by a prepon-

derance of the evidence. The trial court correctly determined these acts to be reasonably related to sentencing. As such, these acts were appropriately considered an aggravating factor in the determination of defendant's sentence.

[2] Included among the specified mitigating factors in the Fair Sentencing Act is the following: "The defendant's immaturity or his limited mental capacity at the time of the commission of the offense significantly reduced his culpability for the offense." N.C.G.S. § 15A-1340.4(a)(2)(e). This factor includes two inquiries — one as to immaturity (or mental capacity) and one as to the effect of such immaturity upon culpability. Clearly, age alone is insufficient to support this factor, not only because of the legislature's deliberate choice of the word "immaturity," but also because of the second part of the inquiry. Case law from this and other jurisdictions sheds no light on the significance of "immaturity" in regard to adult sentencing: the term appears to be unique in sentencing acts nationwide. However, the fact that North Carolina's statutory provisions for sentencing in capital cases, which antedate the Fair Sentencing Act, cite the defendant's "age" as a mitigating circumstance, indicates that, in drafting the latter Act, the legislature had in mind an inquiry into immaturity broader than mere chronological age. *Compare* N.C.G.S. § 15A-1340.4(a)(2)(e) *with* N.C.G.S. § 15A-2000(f)(7) (1983). This indication is reinforced by comparing the "immaturity" mitigating factor to other provisions in the General Statutes that designate specific ages for special treatment. Provisions regarding youthful offenders, for example, under N.C.G.S. §§ 148-40.10 to .16 (1983), target individuals under the age of twenty-one for alternative sentencing treatment at the option of the trial judge. And delinquent juveniles, defined as youths below the age of sixteen who have committed a criminal offense, are treated differently than adult offenders solely because of their age. *See* N.C.G.S. §§ 7A-516 to -758 (1981). Also supporting this conclusion is the fact that the second part of the factor requires a determination of the *effect* of immaturity on culpability. It appears more likely that the legislature was concerned with all facts, features, and traits that indicate a defendant's immaturity and the effect of that immaturity on culpability — rather than with the less directly pertinent element of chronological age. Consistent with this view, we are unwilling to say that a defendant's age of seventeen at the time of the offense classifies him as

"immature" within the meaning of the statute. Here, as in capital cases, "[a]ny hard and fast rule as to age would tend to defeat the ends of justice, so the term youth must be considered as relative and this factor weighed in the light of varying conditions and circumstances." *State v. Oliver*, 309 N.C. 326, 372, 307 S.E. 2d 304, 333 (1983).

It was wholly within the trial judge's discretion to assess such conditions and circumstances in determining whether the defendant's immaturity, whatever its most influential source — intellect, emotional development, or chronological age — significantly reduced his culpability for the charged offense. We find no abuse of that discretion in the trial court's refusal to find defendant's age a mitigating factor.

"A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Locklear*, 294 N.C. 210, 213-14, 241 S.E. 2d 65, 68 (1978). None of these abuses is apparent from the record of the case at bar, and we accordingly modify and affirm the finding of no error by the Court of Appeals.

Modified and Affirmed.

Justice EXUM dissenting.

The majority correctly concludes that a defendant's acknowledgment of past, unprosecuted criminal wrongdoing at a sentencing hearing under the Fair Sentencing Act is not the equivalent of the statutory aggravating factor defined by section 15A-1340 (a)(1)(o) of the Act, *i.e.*, "defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement." Judge Becton, dissenting in the Court of Appeals, demonstrates persuasively why such an acknowledgment should not be treated the same as if defendant had been convicted for his wrongdoing.

Yet the record reveals, I think beyond argument, that the sentencing judge treated this defendant's acknowledgment precisely as if the statutory prior conviction aggravating circumstance were present. Indeed, he was careful to note that the acts

of wrongdoing were "criminal offenses all of which carry sentences in excess of 60 days." He then proceeded to list each offense in language suitable for an indictment, specifying the class into which the offense falls under the Fair Sentencing Act. The Court of Appeals accurately assessed the sentencing judge's action. It affirmed on the ground defendant's acknowledgment *was* the equivalent of prior convictions under section 15A-1340(a)(1)(o), saying:

> If the fact of a defendant's prior convictions punishable by 60 days' confinement is reasonably related to the purposes of sentencing, we believe the fact of a defendant's admitted commission of prior criminal offenses also punishable by 60 days' confinement is reasonably related to the purposes of sentencing.

This, I think, is the error committed at sentencing which entitles defendant to a new sentencing hearing. As the majority seems to recognize, defendant's acknowledgment of past wrongful acts bears on sentencing, not as if these acts were prior convictions but only as evidence of defendant's character. That defendant committed the acts tends to rebut the evidence he offered of his good character. On the other hand defendant's voluntary *acknowledgment* of his past wrongdoing could indicate that defendant was at least truthful, willing to admit his past wrongs, and perhaps ready to mend his ways and lead a better life. This acknowledgment could thus be some evidence of present good character.

The point *is* that however this aspect of the case *is* considered, it goes to the question of defendant's character. This is how defendant's acknowledgment should have been, but was not, regarded by the trial judge. The crucial question for purposes of sentencing in this case is whether defendant is a Dr. Jekyll or a Mr. Hyde. Is he a person of good character or bad character? Do his past wrongful acts demonstrate his bad character or does his acknowledgment of them demonstrate present good character? Is he entitled to have his sentence mitigated because he is a person of good character or aggravated because he is a person of bad character? The trial judge never answered these questions. In mitigation he found defendant to be a person of good character or reputation in his community and one with no prior criminal con-

victions. Yet he determined to aggravate the sentence as if defendant had been criminally convicted in the past.

The majority recognizes that a sentence may be set aside if it is imposed under "circumstances which manifest inherent unfairness and injustice or . . . which [offend] the public sense of fair play." I believe the sentence before us was imposed under such circumstances. My vote is to reverse the Court of Appeals and remand the matter for a new sentencing hearing to be conducted consistently with the principles the majority recognizes but does not apply in this case.

Justices MITCHELL and FRYE join in this dissenting opinion.