STATE OF NORTH CAROLINA v. JAMES EARL MANNING

No. 893SC218

(Filed 5 December 1989)

1. **Criminal Law § 1140 (NCI4th)— pecuniary gain—no non-statutory aggravating factor**

   Pecuniary gain may not be used as a nonstatutory aggravating factor, since the Legislature has indicated that pecuniary gain may be considered as an aggravating factor only where the criminal act occurs as a result of a bargained for arrangement. In this case the State did not prove by a preponderance of the evidence that defendant participated in a homicide as a result of a bargained for arrangement, though he allegedly did conspire with the victim's wife to have the victim killed and intended to share with the victim's wife in the proceeds from the victim's insurance policies and in his estate. N.C.G.S. § 15A-1340.4(a)(1)(c).

   **Am Jur 2d, Homicide §§ 29, 554.**

2. **Criminal Law § 1218 (NCI4th)—. statutory mitigating factor of passive participant—insufficient evidence**

   The trial court did not err in failing to consider as a statutory mitigating factor that defendant played a minor role or was a passive participant in the commission of the crimes where the State's evidence tended to prove that defendant actively participated in planning the murder, took part in the attempted cover-up, and assisted in the search for an assassin. N.C.G.S. § 15A-1340.4(a)(2)(c).

   **Am Jur 2d, Homicide §§ 29, 554.**

APPEAL by defendant from order entered 23 November 1988 by *Judge David Reid* in PITT County Superior Court. Heard in the Court of Appeals 1 September 1989.

*Lacy H. Thornburg, Attorney General, by Wilson Hayman, Assistant Attorney General, for the State.*

*Blount & Fornes, by Robin L. Fornes, for defendant-appellant.*

STATE v. MANNING

[96 N.C. App. 502 (1989)]

GREENE, Judge.

The defendant James Earl Manning entered pleas of guilty to aiding and abetting solicitation to commit murder, second-degree murder, and conspiracy to commit murder. He was sentenced to life imprisonment and ten years with the sentences running concurrently. Defendant appeals.

The State's evidence tends to show that in 1987 the defendant began a sexual affair with Sandra Faye White, then the wife of the deceased victim, Bobby White. This extramarital relationship continued for several months. During this period the defendant and Sandra White conspired to have Mr. White killed and did eventually solicit the defendant's first cousin, James Alton Mobley, to kill Mr. White in exchange for $35,000. Pursuant to this agreement, Mobley killed Mr. White. The State also produced evidence tending to prove the defendant and Sandra White intended to live off the proceeds of the victim's estate and insurance policy. The trial court found as a nonstatutory aggravating factor that the murder was committed for pecuniary gain. The trial court declined defendant's request that a mitigating factor should be considered since the defendant was a passive participant or played a minor role in the commission of the offenses.

---

The issues presented are: I) whether the trial court erred in finding as a nonstatutory aggravating factor that the crimes were committed for pecuniary gain; and II) whether the trial court erred in failing to find as a statutory mitigating factor that defendant was a passive participant or played a minor role in the commission of the offenses.

I

[1] The defendant argues the trial court erred in considering pecuniary gain as a *nonstatutory* aggravating factor in sentencing. The State provided evidence that the defendant hoped to share in the life insurance proceeds payable upon the victim's death to Ms. White as well as enjoy other benefits from the decedent's estate. However, the State produced no evidence tending to prove the defendant was hired or paid to commit the offense. From this it is clear the trial judge could not have considered pecuniary gain as a *statutory* aggravating factor since the Fair Sentencing Act allows consideration of this factor only where "[t]he defendant

was hired or paid to commit the offense." N.C.G.S. § 15A-1340.4(a)(1)(c) (1988); *see, e.g., State v. Abdulla*, 309 N.C. 63, 76, 306 S.E.2d 100, 108 (1983).

We must therefore determine whether pecuniary gain may be used as a nonstatutory aggravating factor even though, on the facts of this case, it would not have been allowed as a statutory aggravating factor. The trial court "may consider any aggravating . . . factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purpose of sentencing . . ." even though not enumerated on the statutory list. N.C.G.S. § 15A-1340.4; *State v. Thompson*, 310 N.C. 209, 220, 311 S.E.2d 866, 872 (1984), *overruled on other grounds*, 321 N.C. 570, 364 S.E.2d 373 (1988). A primary purpose of sentencing is imposition of punishment commensurate with the injury caused by the offense, taking into account factors diminishing or enhancing defendant's culpability. *State v. Barts*, 316 N.C. 666, 696, 343 S.E.2d 828, 847 (1986).

The aggravating factor asserted here does not relate to the nature of the injury. Rather it relates to the defendant's culpability and motivation. The State argues that pecuniary gain, when present as a motivation for the crime, may be considered by the trial court as a nonstatutory aggravating factor. We find this argument unconvincing.

The North Carolina Legislature has indicated that pecuniary gain may be considered as an aggravating factor only in very peculiar circumstances. In essence, the "hired or paid" language of N.C.G.S. § 15A-1340.4(a)(1)(c) requires the criminal act occur as a result of a bargained for arrangement. *See Abdulla*, 309 N.C. at 76-77, 306 S.E.2d at 108. The Legislature was not concerned with the fact that "money or other valuables were involved in the crime charged." *Id.* Rather, the Legislature sought to impose greater punishment where the crime arose from a contractual agreement involving pecuniary compensation. Here, the State did not prove by a preponderance of the evidence that the defendant participated in the crime as a result of a bargained for arrangement. Certainly he hoped to profit in various ways from the crime, as do most criminals. However, the State did not prove that Ms. White or anyone else promised the defendant any particular pecuniary gain which was a precondition of his participation in the crime.

STATE v. MANNING

[96 N.C. App. 502 (1989)]

A trial court should not be allowed to assign in aggravation a factor as nonstatutory where the statute clearly prohibits its use as a statutory aggravating factor. *See State v. Puckett*, 66 N.C. App. 600, 606, 312 S.E.2d 207, 211 (1984) (provocation as a mitigating factor is limited to the definition of § 15A-1340.4(a)(2)(i) ); *see also State v. Winnex*, 66 N.C. App. 280, 284, 311 S.E.2d 594, 597 (1984) (for good character or reputation to be considered as mitigating factors, the evidence must fall within the definition of § 15A-1340.4(a)(2)(m) (1981 Cum. Supp.) ).

II

[2] The defendant also argues the trial court erred by failing to consider as a statutory mitigating factor that the defendant played a minor role or was a passive participant in the commission of the crimes. N.C.G.S. § 15A-1340.4(a)(2)(c) (1988). The trial court's failure to take into consideration uncontradicted and manifestly credible evidence of a mitigating factor is reversible error. *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983). Representative of the cases cited by the defendant is *State v. Benbow*, 309 N.C. 538, 308 S.E.2d 647 (1983), where the trial court erred in not finding the defendant to be a passive participant since he acted only as a lookout in a store robbery where a murder was unanticipated.

Here, the State's evidence tended to prove that the defendant actively participated in planning the murder and took part in the attempted cover-up. Also, the State produced some evidence tending to prove that defendant assisted in the search for an assassin. We conclude the State's evidence contradicted defendant's evidence sufficiently to preclude consideration of this mitigating factor.

Affirmed in part, reversed in part, and remanded for resentencing.

Judges JOHNSON and EAGLES concur.