STATE OF NORTH CAROLINA v. JAMES EARL MANNING

563PA89

(Filed 5 December 1990)

**Criminal Law § 1140 (NCI4th) — nonstatutory aggravating factor — pecuniary gain — defendant not hired or paid**

Pecuniary gain may be used as a nonstatutory aggravating factor under the Fair Sentencing Act in cases in which defendant was not hired or paid to commit the crime provided pecuniary gain is not an element essential to the establishment of the crime which is sought to be aggravated. Since pecuniary gain is not an essential element of the crimes of second degree murder, conspiracy to commit murder, and solicitation to commit murder, the trial court did not err in finding pecuniary gain as a nonstatutory aggravating factor for those crimes where there was plenary evidence that defendant and the victim's wife intended to live together after the victim's death and to share the proceeds of a life insurance policy on the victim as well as the land and mobile home belonging to the victim.

**Am Jur 2d, Criminal Law §§ 598, 599; Homicide §§ 552-554.**

STATE v. MANNING

[327 N.C. 608 (1990)]

ON discretionary review of a unanimous opinion of the Court of Appeals, 96 N.C. App. 502, 386 S.E.2d 96 (1989), affirming in part and reversing in part a judgment of *Reid, J.,* entered 23 November 1988 in Superior Court, PITT County. Heard in the Supreme Court 11 October 1990.

*Lacy H. Thornburg, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State-appellant.*

*Robin L. Fornes for defendant-appellee.*

MEYER, Justice.

Defendant pled guilty to solicitation to commit murder, second-degree murder, and conspiracy to commit murder in violation of N.C.G.S. §§ 14-3, 14-17, and 14-2.4(2) at the 6 September 1988 session of Superior Court, Pitt County, and prayer for judgment was continued. On 23 November 1988, the solicitation and conspiracy counts were consolidated for the purpose of judgment, and defendant was sentenced to a term of ten years for these offenses and a concurrent term of life imprisonment for murder. Defendant appealed, and the Court of Appeals affirmed the trial court in part and reversed it in part. That court affirmed the action of the trial court in refusing to find as a mitigating factor that, on the evidence presented, defendant was a passive participant. The Court of Appeals remanded the case for resentencing on the grounds that the trial court had erred in considering pecuniary gain as a nonstatutory aggravating factor under the Fair Sentencing Act when no evidence was presented that defendant had been hired or paid to commit the offense. The State filed a petition for discretionary review with this Court, which we allowed on 7 February 1990. We now reverse the decision of the Court of Appeals and remand for reinstatement of the judgment of the trial court.

For some months prior to 19 March 1988, defendant, James Earl Manning, was involved in an affair with Sandra White, who was still living with her husband, Bobby White, during the course of her involvement with defendant. At one point during the relationship, defendant resided at the residence of Sandra White with the consent and knowledge of her husband, who was also living in the house.

During the latter part of 1987, Sandra White began making statements to defendant and others that she desired to have her

husband killed. She stated to an acquaintance and friend, Linda Colville, that she would like to have her husband killed so that she and "Doodle" (referring to defendant) could share in insurance proceeds and other assets of the estate of Bobby White. In December 1987, Sandra White, along with defendant, went to the residence of Michael Ray Rogers in Greenville. Rogers was an acquaintance of defendant, and at one time, the two had worked together. While at the residence, Sandra stated that she desired to have her husband killed and that she was willing to pay Rogers anywhere from $500 to $5,000 to accomplish this. When she was leaving Rogers' residence, Sandra turned and said, "I'm serious about what I said to you now."

In February 1988, defendant, Sandra White, and defendant's first cousin, James Alton Mobley, were riding around together in a car near Grimesland. A discussion ensued about the possibility of Mobley being paid the sum of $35,000 to kill Bobby White. This money was to come from insurance proceeds that Sandra White would receive upon the death of her husband.

On Saturday afternoon, 19 March 1988, defendant and Mobley were in the vicinity of the "Hard Times" nightclub near Greenville. Defendant phoned Sandra White and asked her to leave her residence and meet them at the sand pits behind the nightclub. She met them at this location, and while there, the three of them discussed and planned how Bobby White would be killed that night. Both defendant and Mobley made statements concerning this meeting. According to defendant, Sandra White made the offer directly to Mobley to pay him to kill her husband. According to Mobley, defendant sought Mobley out on that particular day, asked him to kill Bobby White, and stated that Sandra would pay Mobley $35,000. Both defendant's and Mobley's statements indicated that later that evening defendant drove to a location outside of Greenville, according to the plan discussed earlier at the sand pits; picked up Mobley; and drove him to within a mile of Bobby White's residence. Defendant let Mobley out of the car and then drove directly to his parents' house nearby to establish an alibi. Mobley walked to Bobby White's residence, at which point he killed White by stabbing him numerous times and cutting his throat.

On 19 March 1988, deputies of the Pitt County Sheriff's Department were called to the White residence where they found the body of Bobby White.

STATE v. MANNING

[327 N.C. 608 (1990)]

After the murder, officers from the Pitt County Sheriff's Department and the State Bureau of Investigation interviewed William Nanny, an acquaintance and friend of defendant and Mobley. He told them that a few weeks before the actual murder defendant and Mobley had, in his presence, discussed Mobley killing Bobby White for $35,000.

A few weeks after Bobby White's murder, Sandra White was arrested and charged with solicitation to commit murder. Shortly thereafter, Mobley and defendant were arrested and charged with conspiracy to commit murder.

Approximately a week after defendant was arrested, he made a confession about his involvement in the murder of Bobby White. As part of a plea bargain arrangement, he was allowed to plead guilty to second-degree murder in exchange for his agreement to cooperate with the State and to testify against the codefendants.

Mobley pled guilty to second-degree murder, felonious breaking and entering, and conspiracy to commit murder and, as part of the plea arrangement, received a sentence of life plus twenty years. Mobley agreed to testify against Sandra White, which resulted in her plea to second-degree murder, solicitation, and conspiracy, with an agreed-upon life sentence with twenty years running concurrently.

After White and Mobley were sentenced, the State prayed judgment on defendant, and after evidence was presented by the State and defendant, defendant was sentenced to life imprisonment for his part in the murder of Bobby White. As to the charge of second-degree murder, the trial judge found the statutory aggravating factor that defendant had prior convictions of criminal offenses punishable by more than sixty days' confinement. N.C.G.S. § 15A-1340.4(a)(1)(o) (1988). He also found the nonstatutory aggravating factors that the murder was committed with premeditation and deliberation and that the murder was committed for pecuniary gain. As to the mitigating factors, the trial judge found that defendant aided in the apprehension of another felon, N.C.G.S. § 15A-1340.4(a)(2)(h) (1988), and that defendant, in the early stages of the criminal process, voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer, N.C.G.S. § 15A-1340.4(a)(2)(l) (1988).

STATE v. MANNING

[327 N.C. 608 (1990)]

As to the charges of aiding and abetting in the solicitation to commit murder and conspiracy to commit murder, the trial judge consolidated the judgment and sentenced defendant to ten years to run concurrently with the life sentence. The trial judge found as a statutory aggravating factor that defendant had a prior conviction of criminal offenses punishable by more than sixty days, N.C.G.S. § 15A-1340.4(a)(1)(o) (1988), and as a nonstatutory aggravating factor that the solicitation and conspiracy were committed for pecuniary gain. As to mitigating factors, the trial judge found that defendant aided in the apprehension of another felon, N.C.G.S. § 15A-1340.4(a)(2)(h) (1988), and that at an early stage of the criminal process, defendant voluntarily acknowledged wrongdoing in connection with the offenses to a law enforcement officer, N.C.G.S. § 15A-1340.4(a)(2)(l) (1988).

The case is before this Court on the sole issue of whether the Court of Appeals erred in reversing the trial judge's use as a nonstatutory aggravating factor that the crimes were committed for pecuniary gain. It is quite clear that there was sufficient evidence to support the factor. There was substantial evidence that defendant was the primary instigator in pursuing and getting the agreement for someone to kill Bobby White in return for payment by Sandra White. The sum of $35,000 to be paid for the killing was to come from $100,000 in insurance proceeds which Sandra White would receive upon Bobby White's death. While there was no evidence that defendant was hired or paid to commit the offenses, there was plenary evidence that defendant and Sandra White intended to live together after Bobby White's murder and to share in the remainder of the proceeds of the insurance policy, as well as the land and the mobile home belonging to Bobby White.

The issue to be decided is whether pecuniary gain may be used as a nonstatutory aggravating factor in the absence of any evidence that defendant was hired or paid to commit an offense. The Court of Appeals held that it was not available. We disagree.

The Fair Sentencing Act, which became effective 1 July 1981, provided the statutory aggravating factor that "[t]he offense was committed for hire or pecuniary gain." N.C.G.S. § 15A-1340.4(a)(1)(c) (Cum. Supp. 1981). Effective 1 October 1983, the General Assembly amended this statute to read: "The defendant was hired or paid to commit the offense." N.C.G.S. § 15A-1340.4(a)(1)(c) (1988). In discussing this statutory factor in *State v. Lattimore*, 310 N.C. 295, 311

STATE v. MANNING

[327 N.C. 608 (1990)]

S.E.2d 876 (1984), we said: "It is well-settled law now that, under the Fair Sentencing Act, in order to find this factor in aggravation, there must be evidence that the defendant was paid or hired to commit the offense." *Id.* at 299, 311 S.E.2d at 879; *see also State v. Hayes,* 314 N.C. 460, 334 S.E.2d 741 (1985); *State v. Edwards,* 310 N.C. 142, 310 S.E.2d 610 (1984); *State v. Benbow,* 309 N.C. 538, 308 S.E.2d 647 (1983); *State v. Thompson,* 309 N.C. 421, 307 S.E.2d 156 (1983); *State v. Jones,* 309 N.C. 214, 306 S.E.2d 451 (1983); *State v. Abdullah,* 309 N.C. 63, 306 S.E.2d 100 (1983).

In the case at bar, the State did not contend, and there was no evidence to show, that defendant was hired or paid to commit the offense. The evidence did, however, tend to show that defendant was motivated to commit the crime by expectations of enjoyment of financial or pecuniary gain upon the death of the victim. The uncontradicted evidence showed that Sandra White, the deceased's wife, had stated in defendant's presence on many occasions that she would like to see her husband dead so that she and defendant, who was her lover, could get the mobile home and the land and could live together and get her husband's assets. These assets would include the remainder of approximately $100,000 in insurance payable upon her husband's death, after paying Mobley to kill the deceased.

Defendant contended before the Court of Appeals that the trial court improperly found as a *nonstatutory* aggravating factor that the murder, solicitation, and conspiracy were committed for pecuniary gain. In the Court of Appeals opinion, that court said: "A trial court should not be allowed to assign in aggravation a factor as *nonstatutory* where the statute clearly prohibits its use as a statutory aggravating factor." *State v. Manning,* 96 N.C. App. at 505, 386 S.E.2d at 97 (emphasis added). The State contends, and we agree, that this conclusion is in error because the statute does not prohibit the use of pecuniary gain as a *nonstatutory* aggravating factor.

Because the evidence would not support the statutory aggravating factor in N.C.G.S. § 15A-1340.4(a)(1)(c), that "[t]he defendant was hired or paid to commit the offense," does not mean that it cannot be used to support a nonstatutory aggravating factor. As pointed out by the opinion below, the sentencing judge " 'may consider any aggravating . . . factors that he finds are proved by the preponderance of the evidence, and that are reasonably

related to the purpose of sentencing . . .' even though not enumerated on the statutory list. N.C.G.S. § 15A-1340.4[(a)]." *State v. Manning*, 96 N.C. App. at 504, 386 S.E.2d at 97 (citation omitted).

This Court has upheld trial courts' findings of nonstatutory aggravating factors where the use of evidence to aggravate sentences is "reasonably related to the purposes of sentencing." *State v. Moore*, 317 N.C. 275, 279, 345 S.E.2d 217, 220 (1986); N.C.G.S. § 15A-1340.4(a) (1988). Since pecuniary gain as an incentive to commit a crime is reasonably related to the purposes of sentencing, it can be a nonstatutory aggravating factor unless there is something to preclude its use.

N.C.G.S. § 15A-1340.4 provides:

> Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, and the same item of evidence may not be used to prove more than one factor in aggravation.

N.C.G.S. § 15A-1340.4(a)(1) (1988). In the recent case of *State v. Vandiver*, 326 N.C. 348, 389 S.E.2d 30 (1990), this Court upheld that trial court's finding of premeditation and deliberation as a nonstatutory aggravating factor in second-degree murder and reiterated its previous statement that " '[a]s long as they are not elements essential to the establishment of the offense to which the defendant pled guilty, all circumstances which are transactionally related to the admitted offense and which are reasonably related to the purposes of sentencing must be considered during sentencing.' " *Id.* at 351, 389 S.E.2d at 32 (quoting *State v. Melton*, 307 N.C. 370, 378, 298 S.E.2d 673, 679 (1983) ) (emphasis added).

We find no language in any other provision of the Fair Sentencing Act which would prohibit use of pecuniary gain as a nonstatutory aggravating factor where pecuniary gain is not used to support an element of the crime. Pecuniary gain is not an element essential to the establishment of the crimes of murder, conspiracy to commit murder, and solicitation to commit murder; so use of pecuniary gain as a nonstatutory aggravating factor would not be prohibited by the language forbidding double use of evidence necessary to prove an element of the crime. To find as a nonstatutory aggravating factor that the defendant committed these crimes for pecuniary gain is consistent with the purposes of sentencing as set out in N.C.G.S. § 15A-1340.3:

**STATE v. MANNING**

[327 N.C. 608 (1990)]

The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, *taking into account factors that may diminish or increase the offender's culpability*; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

N.C.G.S. § 15A-1340.3 (1988) (emphasis added).

A person who conspires and solicits the taking of a person's life, so that he may live off the insurance proceeds from that person's death and live in that person's home, is more culpable by reason of those motives, and a sentence greater than the presumptive is warranted for purposes of deterrence as well as protection of the unsuspecting public.

We therefore hold that, in cases where defendant is not hired or paid to commit the offense, there is nothing to prevent use of pecuniary gain as a *nonstatutory* aggravating factor, provided pecuniary gain is not an element essential to the establishment of the crime which is sought to be aggravated.

The decision of the Court of Appeals is reversed, and the case is remanded to that court for further remand to the Superior Court, Pitt County, for reinstatement of the judgment entered by Reid, J., on 23 November 1988.

Defendant also argued before the Court of Appeals that the trial court erred in failing to submit the requested statutory mitigating factor that the defendant played a minor role or was a passive participant in the commission of the crimes. N.C.G.S. § 15A-1340.4(a)(2)(c) (1988). The Court of Appeals affirmed the trial court's refusal to submit that statutory mitigating factor because the evidence tended to show that defendant actively participated in planning the murder, assisted in the search for an assassin, and took part in the attempted cover-up. Defendant did not seek our review of that issue, and the Court of Appeals decision on that issue remains undisturbed.

Reversed and remanded.