STATE v. WHITLEY

[111 N.C. App. 916 (1993)]

———————————

STATE OF NORTH CAROLINA v. MARY ELIZABETH WHITLEY

No. 9310SC281

(Filed 7 September 1993)

**Criminal Law § 1098 (NCI4th)— accessory after the fact to murder—aggravating factor—offense committed to hinder enforcement of laws—same evidence**

The trial court erred when sentencing defendant as an accessory after the fact to murder by finding in aggravation that the offense was committed to hinder the lawful exercise of a governmental function or the enforcement of laws. The evidence tending to prove the second element of the crime charged, that the accomplice personally aided the principal in an attempt to avoid criminal liability, is the same evidence the court used to find the aggravating factor that defendant committed the offense to hinder the lawful enforcement of laws. It has been clearly established that evidence necessary

to prove an element of the offense may not be used to prove any factor in aggravation. N.C.G.S. § 15A-1340.4(a)(1).

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 16 November 1992 by Judge Wiley F. Bowen in Wake County Superior Court. Heard in the Court of Appeals 16 August 1993.

Defendant entered a plea of guilty to the charge of accessory after the fact of murder. After finding two factors in aggravation and two factors in mitigation, the trial court sentenced defendant to ten years active imprisonment, a sentence in excess of the presumptive. Defendant appeals.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Elisha H. Bunting, Jr., for the State.*

*E. Ray Briggs and Allen W. Powell for defendant appellant.*

McCRODDEN, Judge.

On 13 November 1992, Cornelia Whitley, daughter of defendant in the instant case, pleaded guilty to the murder of Lisa D. Crews. Whitley and Crews had been involved in a relationship for a period of eight years prior to the murder. The two women shared the parenting responsibilities of Crews's two-year-old son, Joshua Michael Bradley. On 16 November 1992, defendant entered a plea of guilty to the charge of accessory after the fact, admitting the allegation in the indictment that, following the murder, she helped her daughter dispose of Crews's body. At the sentencing hearing, Cornelia Whitley testified that the decision to dispose of the body and all attendant decisions thereto, including both the manner of disposal and the location, were defendant's.

Based upon the evidence presented at the sentencing hearing, the trial court found the following factors in aggravation: (1) the defendant induced others to participate in the commission of the offense, N.C. Gen. Stat. § 15A-1340.4(a)(1)(a) (Supp. 1992); and (2) the offense was committed to hinder the lawful exercise of a governmental function or the enforcement of laws, N.C.G.S. § 15A-1340.4(a)(1)(d). The trial court found the following factors in mitigation: (1) the defendant has no record of criminal convictions, N.C.G.S. § 15A-1340.4(a)(2)(a); and (2) the defendant has been a person of good character or has had a good reputation in the

community in which she lives, N.C.G.S. § 15A-1340.4(a)(2)(m). The trial court found the factors in aggravation to outweigh those in mitigation and sentenced defendant to ten years active imprisonment, the maximum term allowed under N.C. Gen. Stat. § 14-1.1(8) (1986) for a Class H felony.

Defendant presents three arguments on appeal. Because we find merit to defendant's second argument warranting remand for a new sentencing hearing, we will limit our review to that assignment of error. Defendant contends the trial court erred in finding as a factor in aggravation of sentencing that the offense was committed to hinder the lawful exercise of a governmental function or the enforcement of laws. We agree with defendant's argument that that factor is based on evidence necessary to prove an element of the offense and thus was applied in error.

To convict a defendant of the charge of being an accessory after the fact, the State must show: (1) that the principal committed a felony; (2) that the accomplice personally aided the principal in an attempt to avoid criminal liability; and (3) that the accomplice gave assistance with knowledge that the principal had committed the felony. *State v. Fearing*, 304 N.C. 499, 504, 284 S.E.2d 479, 483 (1981). By entering a plea of guilty to the offense, defendant provided the State with sufficient evidence to prove that she personally assisted the principal in her attempts to avoid criminal liability with full knowledge that the principal had committed murder.

It has been clearly established that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." N.C.G.S. § 15A-1340.4(a)(1) (1992); *State v. Manning*, 327 N.C. 608, 614, 398 S.E.2d 319, 322 (1990). We find that in the instant case, the evidence tending to prove the second element of the crime charged, that the accomplice personally aided the principal in an attempt to avoid criminal liability, is the same evidence the court used to find the aggravating factor that defendant committed the offense to hinder the lawful enforcement of laws. Under N.C.G.S. § 15A-1340.4(a)(1), the trial court improperly applied this aggravating factor.

"When an aggravating factor is incorrect, the trial judge cannot properly balance the aggravating and mitigating factors, and therefore the case must be remanded for resentencing." *State v. Davy*, 100 N.C. App. 551, 560, 397 S.E.2d 634, 639, *disc. review denied*, 327 N.C. 638, 398 S.E.2d 871 (1990), *citing State v. Taylor*,

74 N.C. App. 326, 328, 328 S.E.2d 27, 29, *disc. review denied*, 314 N.C. 547, 335 S.E.2d 319 (1985). Defendant, therefore, must receive a new sentencing hearing.

Remanded for sentencing.

Judges WELLS and EAGLES concur.