STATE OF NORTH CAROLINA v. DAVID FRANKLIN HURT

No. 192A04

(Filed 19 August 2005)

**1. Sentencing— nonstatutory aggravating factor—joint criminal action with one other person**

The Court of Appeals erred in a second-degree murder case by vacating defendant's sentence based on its determination that a defendant's joint criminal action with one other person is insufficient to support the finding of a nonstatutory aggravating factor under N.C.G.S. § 15A-1340.16(d)(20), because: (1) factors that may diminish or increase the offender's culpability are reasonably related to the purposes of sentencing and will support a finding of a nonstatutory aggravating factor under N.C.G.S. § 15A-1340.16(d)(20); and (2) accomplishment of a robbery and murder by uniting with one other individual is a factor that may increase the offender's culpability and is thus reasonably related to the purposes of sentencing.

**2. Sentencing— aggravated sentence based upon judicial findings of fact—*Blakely* error**

Defendant's motion for appropriate relief in a second-degree murder case is allowed because the trial court violated defendant's Sixth Amendment right to a jury trial in a second-degree murder case by imposing an aggravated sentence based upon judicial findings of aggravating factors, and the case is remanded to superior court for resentencing consistent with *State v. Allen*, 359 N.C. 425 (2005).

Justice MARTIN concurring in part and dissenting in part.

Chief Justice LAKE and Justice NEWBY joining in concurring and dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 163 N.C. App. 429, 594 S.E.2d 51 (2004), reversing a judgment entered 26 August 2002 by Judge Claude S. Sitton in Superior Court, Caldwell County, in which defendant was sentenced to a minimum prison term of 276 months and a maximum term of 341 months. On 25 June 2004, defendant filed a motion for appropriate relief. By an order issued 4 March 2005, this Court permitted both parties to submit briefs and make oral argu-

ment on the motion for appropriate relief at the same time the direct appeal was heard. Heard in the Supreme Court 17 May 2005.

*Roy Cooper, Attorney General, by Lisa Bradley Dawson and Robert C. Montgomery, Assistant Attorneys General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for defendant-appellee.*

BRADY, Justice.

This matter is before the Court on (1) the State's direct appeal of the decision of the Court of Appeals vacating defendant's sentence and remanding defendant's case to the trial court for resentencing, and (2) defendant's motion for appropriate relief filed in this Court on 25 June 2004, during the pendency of the State's appeal. Regarding the State's direct appeal, this Court must determine whether the fact that a criminal "defendant joined with one other person in committing the offense and was not charged with committing a conspiracy for robbery of [the] victim" is a proper nonstatutory aggravating factor to be considered during sentencing. Regarding defendant's motion for appropriate relief, this Court must determine whether the trial court violated defendant's Sixth Amendment right to jury trial by imposing an aggravated sentence based upon judicial findings of fact.

We conclude that the fact that a criminal defendant joined with one other person in the commission of an offense and was not charged with committing a conspiracy for robbery of the victim is "reasonably related to the purposes of sentencing" set forth in N.C.G.S. § 15A-1340.12; thus, the fact is a proper nonstatutory aggravating factor and may be considered during sentencing pursuant to N.C.G.S. § 15A-1340.16(d)(20). However, we further conclude that the trial court committed structural error in imposing an aggravated sentence based upon judicial findings of fact. Accordingly, we reverse the decision of the Court of Appeals and remand defendant's case to Caldwell County Superior Court for resentencing consistent with *State v. Allen*, 359 N.C. 425, —— S.E.2d ——, 2005 N.C. LEXIS 695 (July 1, 2005) (No. 485PA04) and *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004).

## BACKGROUND

On 26 August 2002 defendant pleaded guilty to the second-degree murder of Howard Nelson Cook in Caldwell County Superior Court.

**STATE v. HURT**

[359 N.C. 840 (2005)]

During sentencing, the trial judge found that defendant had a prior record level of III and also found the existence of three aggravating and five mitigating factors by a preponderance of the evidence. Determining that the factors in aggravation outweighed the factors in mitigation, the judge sentenced defendant in the aggravated range of 276 months minimum to 341 months maximum imprisonment.

In so doing, the trial judge altered the "Felony Judgment Findings of Aggravating and Mitigating Factors (Structured Sentencing)"[1] worksheet by crossing out part of the section 15A-1340.16(d)(2) aggravating factor listed therein. Specifically, the judge crossed out the words "more than" in the phrase "more than one other person." He also added the words "for robbery of victim" to the end of the listed aggravator. The resulting aggravating factor, "The defendant joined with *one* other person in committing the offense and was not charged with committing a conspiracy *for robbery of victim*," differs significantly from the statutory aggravating factor set forth in section 15A-1340.16(d)(2), which states, "The defendant joined with *more than* one other person in committing the offense and was not charged with committing a conspiracy." (Emphasis added.)

Defendant appealed his sentence to the North Carolina Court of Appeals, arguing that the above-described aggravating factor found by the trial judge was improper. Defendant contended, and a majority of the Court of Appeals agreed, that because the General Assembly has already determined that increased culpability stems from a defendant's participation with *more than one* other person in committing an offense, a defendant's joint criminal action with *one* other person is insufficient to support the finding of a nonstatutory aggravating factor pursuant to N.C.G.S. § 15A-1340.16(d)(20). Accordingly, the Court of Appeals vacated defendant's sentence and remanded the case for a new sentencing proceeding. *State v. Hurt*, 163 N.C. App. 429, 435, 594 S.E.2d 51, 56 (2004).

Because the fact that defendant united with another individual to accomplish the robbery and murder of Mr. Cook increases his culpability for the crime, we hold that this fact may properly be considered as a nonstatutory aggravating factor which is reasonably related to the purposes of sentencing pursuant to N.C.G.S. § 15A-1340.16(b)(2). Thus, we reverse the decision of the Court of Appeals, but remand defendant's case to Caldwell County Superior Court on the alternative ground raised by defendant in his motion for appropriate relief

1. AOC-CR-605, Rev. 11/97.

STATE v. HURT

[359 N.C. 840 (2005)]

pursuant to *Allen,* 359 N.C. 425, —— S.E.2d ——, 2005 N.C. LEXIS 695 and *Blakely v. Washington,* —— U.S. ——, 159 L. Ed. 2d 403.

## ANALYSIS

[1] The Structured Sentencing Act divides aggravating factors into two classes, statutory and nonstatutory. Statutory aggravating factors are enumerated in N.C.G.S. § 15A-1340.16(d)(1)-(19). One such statutory aggravating factor set forth in section 15A-1340.16(d)(2) may be proved by evidence that "[t]he defendant joined with *more than one* other person in committing the offense and was not charged with committing a conspiracy." N.C.G.S. § 15A-1340.16(d)(2) (2003) (emphasis added). The plain language of section 15A-1340.16(d)(2) requires that the defendant have joined with at least two other individuals in the commission of a crime. *See State v. Bates,* 348 N.C. 29, 34, 497 S.E.2d 276, 279 (1998) ("It is well settled that the meaning of any legislative enactment is controlled by the intent of the legislature and that legislative purpose is to be first ascertained from the plain language of the statute."). Here, the factor actually found by the judge provides that defendant joined with *one* other individual in the murder of Mr. Cook; thus, the factor differs significantly from section 15A-1340.16(d)(2) and cannot properly be classified as a "statutory" aggravating factor.

However, N.C.G.S. § 15A-1340.16(d)(20) permits a fact finder to consider "[a]ny other aggravating factor *reasonably related to the purposes of sentencing.*" N.C.G.S. § 15A-1340.16(d)(20) (2003) (emphasis added). Such "other" factors found to be "reasonably related to the purposes of sentencing" are commonly known as nonstatutory aggravating factors.

The "purposes of sentencing" are explicitly set forth in N.C.G.S. § 15A-1340.12:

> The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, *taking into account factors that may diminish or increase the offender's culpability*; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

N.C.G.S. § 15A-1340.12 (2003) (emphasis added). We conclude from section 15A-1340.12 that "factors that may diminish or increase the

offender's culpability" are "reasonably related to the purposes of sentencing" and will support a finding of a nonstatutory aggravating factor under section 15A-1340.16(d)(20).

In *State v. Manning*, this Court held that evidence which would not support a statutory aggravating factor may be sufficient to support a nonstatutory aggravating factor if it is " 'reasonably related to the purposes of sentencing.' " *State v. Manning*, 327 N.C. 608, 613-14, 398 S.E.2d 319, 322 (1990) (quoting *State v. Moore*, 317 N.C. 275, 279, 345 S.E.2d 217, 220 (1986)). The sole issue considered by this Court in *Manning* was "whether pecuniary gain may be used as a nonstatutory aggravating factor in the absence of any evidence that defendant was hired or paid to commit an offense." 327 N.C. at 612, 398 S.E.2d at 321. At the outset, the Court noted its prior holdings that " 'in order to find [the statutory factor that the offense was committed for hire or pecuniary gain] in aggravation, there must be evidence that the defendant was paid or hired to commit the offense.' " *Id.* at 613, 398 S.E.2d at 322 (citation omitted). However, this Court concluded, "[s]ince pecuniary gain as an incentive to commit a crime is reasonably related to the purposes of sentencing, it can be a nonstatutory aggravating factor unless there is something to preclude its use." *Id.* at 614, 398 S.E.2d at 322. Accordingly, we reversed the opinion of the Court of Appeals in which that court had stated: "A trial court should not be allowed to assign in aggravation a factor as nonstatutory where the statute clearly prohibits its use as a statutory aggravating factor." *State v. Manning*, 96 N.C. App. 502, 505, 386 S.E.2d 96, 97 (1989), *rev'd*, 327 N.C. at 615, 398 S.E.2d at 323.

Similarly, there is insufficient evidence to support the section 15A-1340.16(d)(2) aggravating factor in the case *sub judice*. Section 15A-1340.16(d)(2) cannot apply to aggravate a defendant's sentence unless the State proves that "[t]he defendant joined with *more than one* other person in committing the offense and was not charged with committing a conspiracy." However, we conclude that accomplishment of a robbery and murder by uniting with *one* other individual is a factor that may "increase the offender's culpability" and, therefore, is "reasonably related to the purposes of sentencing." The perpetrator of such a crime is more culpable by reason of his method, in which two aggressors work violence against a single victim. As in *Manning*, "a sentence greater than the presumptive is warranted for purposes of deterrence as well as protection of the unsuspecting public." 327 N.C. at 615, 398 S.E.2d at 323. For this reason, we reverse the decision of the Court of Appeals which vacated defendant's sentence

and granted a new sentencing hearing based upon that court's finding of an improper aggravating factor.

**[2]** We now consider whether the imposition of an aggravated sentence violated defendant's Sixth Amendment right to jury trial as interpreted by the United States Supreme Court in *Blakely*, 542 U.S. 296, 159 L. Ed. 2d 403. In *Blakely*, the Court reaffirmed its previous holding that the right to jury trial requires jurors to find sentencing facts which increase the penalty for a crime "beyond the prescribed statutory maximum." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000); *see also Blakely*, 542 U.S. at ——, 159 L. Ed. 2d at 413-14. The "statutory maximum" is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S at ——, 159 L. Ed. 2d at 413. Accordingly, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." *Allen*, 359 N.C. at 437, —— S.E.2d at ——, 2005 N.C. LEXIS 695, at *26 (citing *Blakely*, 542 U.S. at ——, 159 L. Ed. 2d at 412 and *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455). Because defendant's case was on direct appeal when *Blakely* was issued, this rule governs the question *sub judice*. *Griffith v. Kentucky*, 479 U.S. 314, 322-23, 93 L. Ed. 2d 649, 658 (1987).

Here, the trial court found the existence of three aggravating factors by a preponderance of the evidence: (1) "The offense was especially heinous, atrocious or cruel," (2) "The defendant joined with one other person in committing the offense and was not charged with committing a conspiracy for robbery of [the] victim," and (3) defendant "took property, to wit, $4.00 by force and placed victim with threats of bodily harm." Based upon these findings, the trial court sentenced defendant to an aggravated sentence of 276 months minimum and 341 months maximum imprisonment. Because defendant's sentence exceeds the "statutory maximum" and the increased penalty is supported only by the judicial findings of fact listed above, defendant's sentence violates *Blakely*. In *Allen*, this Court held that "*Blakely* errors arising under North Carolina's Structured Sentencing Act are structural and, therefore, reversible *per se*." *Allen*, 359 N.C. at ——, 444 S.E.2d at ——, 2005 N.C. LEXIS 695, at *42. Accordingly, we allow defendant's motion for appropriate relief.

For the reasons stated above, we reverse the decision of the Court of Appeals, but remand this case to Caldwell County Superior Court for resentencing pursuant to *Allen*, 359 N.C. 425, —— S.E.2d

——, 2005 N.C. LEXIS 695 and *Blakely*, 542 U.S. 296, 159 L. Ed. 2d 403. During resentencing, it is appropriate to consider whether "defendant joined with one other person in committing the offense and was not charged with committing a conspiracy for robbery of [the] victim" as an aggravating factor.

REVERSED AND REMANDED.

Justice MARTIN, concurring in part and dissenting in part.

I concur in the majority's holding that the nonstatutory aggravating factor at issue is "reasonably related to the purposes of sentencing" and thus valid under North Carolina law. N.C.G.S. § 15A-1340.16(d)(20) (2003).

For the reasons stated in my separate opinion in *State v. Allen*, however, I disagree with the majority's conclusion that *Blakely* errors are not amenable to harmless-error review. *State v. Allen*, 359 N.C. 444, 615 S.E.2d 256, —— (July 1, 2005) (No. 485PA04) (Martin, J., concurring in part and dissenting in part). Accordingly, I dissent from the majority's decision to allow defendant's motion for appropriate relief without considering whether the instant *Blakely* violation was harmless beyond a reasonable doubt.

Chief Justice LAKE and Justice NEWBY join in this concurring and dissenting opinion.