STATE OF NORTH CAROLINA v. DAVID FRANKLIN HURT

No. 192A04-2

(Filed 4 May 2007)

**1. Sentencing— aggravating factors—heinous, atrocious, or cruel murder—failure to submit to jury—counsel's argument not admission—*Blakely* error**

The trial court erred under *Blakely v. Washington*, 542 U.S. 296, when it found the especially heinous, atrocious, or cruel aggravating factor without submitting it to the jury in a second-degree murder sentencing hearing where defendant admitted to the underlying facts supporting the second-degree murder charge but did not admit that those facts supported the existence of such aggravating factor as to him. A judge may not find an aggravating

factor on the basis of a defendant's admission unless that defendant personally or through counsel admits the necessary facts or admits that the aggravating factor is applicable, and defense counsel's argument opposing imposition of the aggravating factor could not be construed as an admission that the aggravating factor did apply to defendant.

**2. Sentencing— aggravating factors—*Blakely* error—not structural**

The North Carolina Supreme Court relied on *State v. Blackwell*, 361 N.C. 41, in rejecting arguments that *Blakely* error was structural and violated Article I, § 24 of the North Carolina Constitution.

**3. Sentencing— aggravating factors—*Blakely* error—not harmless**

The trial court's *Blakely* error in finding the especially heinous, atrocious, or cruel aggravating factor without submitting it to the jury in a second-degree murder sentencing hearing was not harmless beyond a reasonable doubt in light of the conflicting evidence as to defendant's role in the offense.

Upon reconsideration of this Court's opinion in *State v. Hurt*, 359 N.C. 840, 616 S.E.2d 910 (2005), pursuant to the order of the United States Supreme Court entered 30 June 2006 vacating the judgment of this Court in *North Carolina v. Speight*, 126 S. Ct. 2977, 165 L. Ed. 2d 983 (2006) and remanding that case to this Court for further consideration in light of *Washington v. Recuenco*, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). Heard in the Supreme Court 17 October 2006.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for defendant-appellee.*

EDMUNDS, Justice.

In our reconsideration of this matter, we limit our review to the sentencing procedure followed by the trial court. When defendant entered a plea of guilty to second-degree murder, his attorney argued that the court should find certain mitigating factors and reject aggravating factors proposed by the State. The trial court imposed an aggravated sentence without submitting the aggravating factors to the

jury. Because we hold that the arguments of defendant's counsel in mitigation did not constitute an admission that the offense was especially heinous, atrocious, or cruel, the trial court's sentencing procedure was erroneous under *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). The United States Supreme Court has held that *Blakely* error is subject to harmless error analysis. *Washington v. Recuenco*, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). Conflicting evidence as to defendant's role in the offense precludes a finding that the trial court's error was harmless beyond a reasonable doubt. Accordingly, we remand this case for a new sentencing hearing.

On 26 February 1999, police officers found Howard Cook, the victim in this case, dead in his home. He had suffered both blunt force injuries and multiple stab wounds. Shortly after discovering the victim's body, officers questioned his nephew, William Parlier, whom they found intoxicated and lying in a ditch. The jailer observed blood on Parlier and on money taken from him. After he sobered up, Parlier gave several statements implicating defendant as the murderer. Police next questioned defendant, who denied being at the victim's home or participating in the murder. When the police later arrested defendant, he stated, "[Parlier] was the one with blood all over him, and he had the money. What does that tell you?", then invoked his right to counsel.

Defendant was indicted for first-degree murder, first-degree burglary, and common law robbery. Parlier pleaded guilty to first-degree murder and was sentenced to life imprisonment in exchange for a promise to testify against defendant. However, a few days before trial, Parlier reneged on his agreement and refused to testify. Because the State's case against defendant hinged on Parlier's testimony, the State agreed to accept defendant's plea of guilty to second-degree murder in exchange for dismissal of the remaining charges. A more complete recitation of the facts in this case is set out in *State v. Hurt*, 163 N.C. App. 429, 594 S.E.2d 51 (2004), *rev'd*, 359 N.C. 840, 616 S.E.2d 910 (2005).

The trial court found two statutory aggravating factors: that the offense was especially heinous, atrocious, or cruel (HAC), pursuant to N.C.G.S. § 15A-1340.16(d)(7); and that "defendant joined with his co-defendant, William Wayne Parlier, in committing an offense of robbery from the person of the victim, Mr. Cook, and was not charged with committing conspiracy," pursuant to N.C.G.S. § 15A-1340.16(d)(2). In addition, the trial court found as a non-

**STATE v. HURT**

[361 N.C. 325 (2007)]

statutory aggravating factor that "defendant acting in concert with his co-defendant, William Wayne Parlier, took and carried away from the person of Howard Nelson Cook property, to wit, $4 in U.S. currency, by force and placing the victim in fear of bodily harm or threats of bodily harm." The court also found several mitigating factors, determined that the aggravating factors outweighed the mitigating factors, and sentenced defendant to a minimum of 276 months and a maximum of 341 months incarceration.

Defendant appealed to the Court of Appeals, which, in a divided opinion, vacated the sentence and remanded for resentencing on grounds that the trial court erred in treating as a statutory aggravating factor its finding that defendant "joined with *one* other person, Parlier, in committing the offense of robbery and was not charged with conspiracy." *Hurt*, 163 N.C. App. at 435, 594 S.E.2d at 56. After the State filed its appeal of right to this Court, defendant filed a motion for appropriate relief (MAR), alleging that the trial court committed *Blakely* error when it failed "to empanel a jury to consider potential aggravating factors or secure a stipulation from [defendant] as to factors supporting aggravated range sentencing."

Upon consideration of defendant's appeal and his MAR, we reversed the Court of Appeals holding as to the aggravating factor at issue, finding that the facts cited by the trial court constituted a nonstatutory aggravator. *State v. Hurt*, 359 N.C. at 842, 616 S.E.2d at 912. However, we remanded for resentencing consistent with *Blakely* and this Court's opinion in *State v. Allen*, which held that a trial court committed structural error when it imposed an aggravated sentence based upon findings of fact made by a judge. *Hurt*, 359 N.C. at 845-46, 616 S.E.2d at 913-14 (citing *Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), *withdrawn*, 360 N.C. 569, 635 S.E.2d 899 (2006)). Thereafter, we allowed the State's motion to stay issuance of the mandate. *Hurt*, 359 N.C. 846, 620 S.E.2d 528 (2005).

On 26 June 2006, the United States Supreme Court issued its decision in *Recuenco*, holding that "[f]ailure to submit a sentencing factor to the jury . . . is not structural error." 126 S. Ct. at 2553, 165 L. Ed. 2d at 477. On 21 August 2006, we ordered the State "to file and serve a supplemental brief with this Court, limited to the questions of whether there was error in this case pursuant to *Washington v. Recuenco* and, if so, whether any error can be found to be harmless beyond a reasonable doubt." *Hurt*, 360 N.C. 572, 572, 636 S.E.2d 188, 189 (2006).

The United States Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000). The Supreme Court later refined this holding by clarifying that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303, 159 L. Ed. 2d at 413. Thus, while a trial court may impose an aggravated sentence on the basis of admissions made by a defendant, error occurs when a judge aggravates a criminal sentence on the basis of findings made by the judge that are in addition to or in lieu of findings made by a jury.

[1] The State first contends that no *Blakely* error occurred and harmless error analysis is not necessary because, according to the State, defendant admitted to the facts supporting all three of the aggravating factors found. The State asserts the admissions occurred when defendant failed to challenge the facts presented by the prosecutor during the sentencing hearing and when defendant's counsel argued that the aggravating factors should not apply to defendant. Specifically, as to the nonstatutory aggravating factor that defendant and Parlier took four dollars from the victim by force, the State argues that defendant's counsel did not dispute facts found by the trial court supporting this factor. The State similarly contends that, by arguing that defendant's role was minimal, defendant's counsel admitted to facts supporting the aggravating factor that defendant joined with another to commit the offense but was not charged with conspiracy. Finally, the State notes that when it urged the trial court to find the HAC aggravating factor, defendant's counsel again responded by arguing that defendant's role in the offense was minor because he only aided and abetted the principal perpetrator. The State asks us to interpret the arguments of defendant's counsel as tacit admissions of facts supporting the aggravating factors found by the trial court. Defendant responds that he did not personally admit to any aggravating factor in the case, and that defense counsel's arguments opposing a finding of the aggravating factors were neither admissions nor stipulations.

A stipulation must be "definite and certain in order to afford a basis for judicial decision." *State v. Powell*, 254 N.C. 231, 234-35, 118 S.E.2d 617, 619-20 (1961) (explaining the trial court erred "by not insisting upon a full, complete, definite and solemn admission and

stipulation") (citation omitted), *superseded on other grounds by statute*, Safe Roads Act, N.C.G.S. § 20-138.1 and -179 (1989), *as recognized in State v. Denning*, 316 N.C. 523, 342 S.E.2d 855 (1986). While we have recognized that stipulations and admissions may take a variety of forms and may be found by implication, *see, e.g., State v. Mullican*, 329 N.C. 683, 686, 406 S.E.2d 854, 855 (1991) (holding that when the prosecutor said he summarized the State's evidence "with the permission of the defendant," the defendant's failure to object was a factor supporting the finding of a stipulation), after reviewing the arguments made at sentencing, we are satisfied that, at most, defendant's attorney was acknowledging that the aggravating factors might apply as he asked the trial court not to accept the State's argument. We do not believe defense counsel's argument opposing imposition of an aggravating factor can be construed as an admission that the very same aggravating factor did apply to defendant. To the contrary, we hold that a judge may not find an aggravating factor on the basis of a defendant's admission unless that defendant personally or through counsel admits the necessary facts or admits that the aggravating factor is applicable.[1] *See Blakely*, 542 U.S. at 303, 159 L. Ed. 2d at 413.

Here, our review of the record reveals that while defendant admitted to the underlying facts supporting the second-degree murder charge, nowhere did he admit that those facts supported the existence of the HAC aggravator as to him. Consequently, the trial court committed *Blakely* error when it found this aggravating factor without submitting it to the jury.

**[2]** Next, defendant contends the *Blakely* error in this case was structural error because North Carolina allegedly lacked a procedural mechanism by which judges could submit aggravating factors to the jury, and because *Blakely* error allegedly violates Article I, Section 24 of the North Carolina Constitution. For the reasons set out in *State v. Blackwell,* 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied,* —— U.S. ——, —— L. Ed. 2d ——, 75 U.S.L.W. 3609 (2007), we hold these arguments to be without merit.

**[3]** Finally, the State argues that, in light of the overwhelming evidence against defendant, any *Blakely* error in this case was harmless beyond a reasonable doubt. Defendant responds that, because

---

1. The General Assembly has codified the procedure to be used when a defendant admits the existence of an aggravating factor at sentencing for all offenses committed after 30 June 2005. N.C.G.S. § 15A-1022.1 (2005). Because the offense here occurred in 1999, this statute does not apply to the case at bar.

there is no credible evidence that he, rather than Parlier, killed the victim, a jury could have declined to apply any aggravating factor to him.

We begin by considering the HAC aggravator, which applies only if "the facts of the case disclose *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in [the] offense.*" *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E.2d 783, 786 (1983). The State has the burden of proving that the judge's finding of the HAC aggravating factor was harmless beyond a reasonable doubt. *See* N.C.G.S. § 15A-1443(b) (2005) ("A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless."). If this Court concludes that the HAC aggravating factor was "so 'overwhelming' and 'uncontroverted' that any rational factfinder would have found the disputed aggravating factor beyond a reasonable doubt," then the *Blakely* error in finding this aggravating factor would be harmless beyond a reasonable doubt. *Blackwell*, 361 N.C. at 49, 638 S.E.2d at 458 (citing N.C.G.S. § 15A-1443(b); *Neder v. United States*, 527 U.S. 1, 9, 144 L. Ed. 2d 35, 47 (1999); *State v. Heard*, 285 N.C. 167, 172, 203 S.E.2d 826, 829 (1974)).

The State's evidence that the victim asked to be allowed to say a prayer before he was killed; that he begged for his life and tried to run away; that he was stabbed twelve times; that he suffered blunt force trauma to his head, neck, chest, abdomen, and extremities; and that he "probably suffered quite severely while the wounds were being inflicted," could have led the jury to find that the offense itself was especially heinous, atrocious, or cruel. However, the fact that the jury *could have* found the HAC aggravator does not mean that the jury necessarily *would have* found it beyond a reasonable doubt. "It is . . . proper at sentencing to consider the defendant's actual role in the offense as opposed to his legal liability for the acts of others." *State v. Benbow*, 309 N.C. 538, 546, 308 S.E.2d 647, 652 (1983). The State conceded that its case was stronger against Parlier than against defendant. The DNA evidence did no more than place defendant at the front door of the victim's house, while much of the remaining evidence against defendant established only that he helped dispose of evidence after the murder. Parlier's statements implicating defendant, though damning, were also self-serving and, had Parlier testified at trial, would have been subject to impeachment through cross-

examination. In addition, evidence presented by defendant's niece corroborated defendant's claim that Parlier had motive to kill the victim. She testified that the victim had given loans to Parlier, who wanted even more money. She added that a couple of weeks before the murder, the victim told her Parlier was threatening him and if anything ever happened to him, Parlier would be the one who did it.

Under these circumstances, the evidence supporting the HAC aggravator was neither overwhelming nor uncontradicted. Accordingly, we hold that the evidence was insufficient to establish that the trial court's *Blakely* error in finding the HAC aggravating factor was harmless beyond a reasonable doubt. We note, however, that our review of the evidence for the purpose of harmless error review and our subsequent holding that the judge's decision to apply the aggravating factor was error does not preclude the State from submitting evidence of the factor to a jury on resentencing.

Having concluded that the trial court's finding of the HAC aggravating factor was not harmless error, we need not consider the other two aggravating factors. If the State seeks an aggravated sentence upon remand, the trial court can consider the evidence then presented to determine which aggravating factors may be submitted to the jury.

In light of *Recuenco*, we vacate the portion of our previous opinion in this case, reported at 359 N.C. 840, 616 S.E.2d 910, that remands this case due to structural error and instead remand to the Court of Appeals because the trial court's *Blakely* error was not harmless beyond a reasonable doubt. We leave undisturbed our analysis of the aggravating factor at issue in that opinion, which reversed the decision of the Court of Appeals, reported at 163 N.C. App. 429, 594 S.E.2d 51. *See Hurt*, 359 N.C. 840, 843-45, 616 S.E.2d 910, 912-13. The stay entered in this case by this Court on 2 September 2005 is dissolved. We remand to the Court of Appeals with instructions to remand to the trial court for a new sentencing hearing.

The decision of the Court of Appeals, reported at 163 N.C. App. 429, 594 S.E.2d 51, is

REVERSED IN PART AND AFFIRMED IN PART AS MODIFIED.

The decision of this Court, reported at 359 N.C. 840, 616 S.E.2d 910, is

## VACATED IN PART AND AFFIRMED IN PART.

Justices TIMMONS-GOODSON and HUDSON did not participate in the consideration or decision in this case.