STATE OF NORTH CAROLINA v. KENNETH JOEL CUPID

No. 560PA05

(Filed 28 June 2007)

**Constitutional Law; Sentencing— right to jury trial—aggravating factor found by court—admission by defendant**

Defendant's Sixth Amendment right to a jury trial was not violated because his probationary status, which was used to increase his sentences, was found by the trial court instead of by the jury where defendant voluntarily declared in open court during his presentencing statement that he "was on . . . probabtion" at the time of the offenses since this statement constituted an admission of the necessary facts relied on by the trial court to increase defendant's sentences.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 173 N.C. App. 448, 618 S.E.2d 874 (2005), finding no reversible error in a trial which resulted in judgments entered 20 August 2003 by Judge Ronald E. Spivey in Superior Court, Guilford County, but remanding the case for resentencing after allowing in part defendant's Motion for Appropriate Relief. Heard in the Supreme Court 8 May 2007.

*Roy Cooper, Attorney General, by Michael D. Youth, Assistant Attorney General, for the State-appellant.*

*M. Alexander Charns for defendant-appellee.*

PER CURIAM.

After a jury trial, defendant was found guilty of robbery with a dangerous weapon, possession of a firearm by a felon, and felony fleeing to elude arrest with a motor vehicle. The trial court assigned defendant eight prior record points for previous convictions and one point because the offenses were committed "(a) while on . . . proba-

tion, parole, or post-release supervision." The one additional point increased defendant's prior record level from III to IV, and defendant was sentenced accordingly. During defendant's sentencing hearing, he stated to the trial court that he "was on . . . probation" at the time of the offenses.

Defendant argues that his Sixth Amendment right to a trial by jury was violated because his probationary status, which was used to increase his sentence, was improperly found by the trial court instead of a jury. *See Blakely v. Washington*, 542 U.S. 296 (2004). This Court held in *State v. Hurt*, 361 N.C. 325, 330, 643 S.E.2d 915, 918 (2007), however, that a trial court's aggravation of a defendant's sentence on the basis of an admission does not violate the Sixth Amendment if "that defendant personally or through counsel admits the necessary facts."

Here, defendant voluntarily declared, in open court during his N.C.G.S. § 15A-1334(b) presentencing statement, that he "was on . . . probation" at the time of the offenses. This constitutes an admission of the necessary facts relied on by the trial court to increase defendant's sentence. Therefore, we hold that defendant's Sixth Amendment right to a trial by a jury was not violated.

For the foregoing reasons, the portion of the Court of Appeals opinion allowing defendant's Motion for Appropriate Relief in part and remanding for resentencing is reversed. However, the portions of the Court of Appeals opinion denying the Motion for Appropriate Relief in part and finding no prejudicial error in defendant's convictions as specified in that opinion remain undisturbed.

AFFIRMED IN PART; REVERSED IN PART.