STATE OF NORTH CAROLINA
v .
DELAUNO MONTREZ COREY, Defendant.
No. COA04-736-2
Court of Appeals of North Carolina.
Filed: October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General K.D. Sturgis, for the State.
Sofie W. Hosford for defendant-appellant.
ELMORE, Judge.
On 28 June 2007, the North Carolina Supreme Court entered an order vacating that portion of our opinion ordering remand to the trial court for resentencing and remanding to the Court of Appeals for reconsideration in light of State v. Hurt, 361 N.C. 325, 643 S.E.2d 915 (2007), and State v. Blackwell, 361 N.C. 41, 638 S.E.2d 452 (2006), cert. denied, ___ U.S. ___, 167 L. Ed. 2d 1114 (2007). Subsequently, we filed an order stating that we will reconsider this case as directed by the order of our Supreme Court without additional briefs or oral arguments. Therefore, except as herein modified, the opinion we filed on 20 September 2005 remains in full force and effect.
Pursuant to a case which has subsequently been withdrawn, our Supreme Court has treated errors under Blakely as structural errors that are reversible per se. However, in a recent case, Washington v. Recuenco, the United States Supreme Court held that "[f]ailure to submit a sentencing factor to the jury . . . is not structural error." Thereafter, our Supreme Court has held in State v. Blackwell that according to Recuenco, the failure to submit a sentencing factor to the jury is subject to harmless error review.
State v. McQueen, ___ N.C. App. ___, ___, 639 S.E.2d 131, 134, disc. review denied, appeal dismissed, 361 N.C. 365 (2007) (citations omitted) (alteration in original). In Blackwell, our Supreme Court had to "consider whether the state ha[d] carried its burden of proving that the Blakely error which occurred at defendant's second trial was harmless beyond a reasonable doubt." State v. Blackwell, 361 N.C. 41, 45, 638 S.E.2d 452, 456 (2006). It had "to weigh the evidence supporting the aggravating factor and determine whether the evidence was so `overwhelming' and `uncontroverted' as to render any error harmless." Id. at 46, 638 S.E.2d at 456 (citing Neder v. United States, 527 U.S. 1, 9, 144 L. Ed. 2d 35, 47 (1999)).
In the case at hand, defendant pled guilty to one count of armed robbery and one count of common law robbery. Pursuant to the plea agreement, the State agreed to dismiss a separate charge of escape, and defendant agreed to testify against his co-defendants in the case. Defendant stipulated to the factual basis for the offenses charged. The court entered findings of four aggravating factors: (1) defendant induced others to participate in the offense; (2) defendant joined with more than one person in committing the offense and was not charged with conspiracy; (3) defendant involved a person under the age of sixteen in the commission of the offense; and (4) the offense was committed while defendant was on escape of custody for an armed robbery. The court found that the aggravating factors outweighed any mitigating factors and sentenced defendant in the aggravated range to a minimum term of 120 months and a maximum term of 153 months in prison.
We have examined the available record, and cannot find evidence, overwhelming or otherwise, to support the aggravating factors that defendant induced others to participate in the offense or that defendant involved a person under the age of sixteen in the commission of the offense. Accordingly, we cannot hold that the trial court's failure to submit these sentencing factors to the jury was harmless error. Defendant is entitled to a new sentencing hearing.
Remanded for resentencing.
Judges HUNTER and BRYANT concur.
Report per 30(e).