STATE OF NORTH CAROLINA v. THEODORE PITTMAN, JR., DEFENDANT

No. COA04-417-2

(Filed 6 November 2007)

**Sentencing— aggravating factor—victim very young—*Blakely* error—failure to submit to jury harmless beyond reasonable doubt**

The trial court's finding in an attempted first-degree murder, first-degree kidnapping, and felony conspiracy case of the aggravating factor that the victim was very young without submitting the factor to a jury for a determination beyond a reasonable doubt constituted harmless error beyond a reasonable doubt, because: (1) it was undisputed that the victim was only six weeks old; and (2) there could be no serious doubt that a rational jury would have found this aggravating factor beyond a reasonable doubt.

Upon remand from the North Carolina Supreme Court, appeal by defendant from judgment entered 29 October 2003 by Judge Quentin T. Sumner in Nash County Superior Court. Originally heard in the Court of Appeals 10 January 2005.

*Attorney General Roy Cooper, by Assistant Attorney General W. Wallace Finlator, Jr., for the State.*

*Marilyn G. Ozer for defendant-appellant.*

GEER, Judge.

This case comes before us on remand from the North Carolina Supreme Court so that we may reexamine the issue of sentencing in light of the Supreme Court's recent decisions in *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied*, —— U.S. ——, 167 L. Ed. 2d 1114, 127 S. Ct. 2281 (2007), and *State v. Hurt*, 361 N.C. 325, 643 S.E.2d 915 (2007). The sole issue before us on remand is whether the trial court's finding (during defendant's sentencing) of an aggravating factor, without submitting the factor to a jury for a determination beyond a reasonable doubt, constitutes harmless error beyond a reasonable doubt. We hold that it does.

STATE v. PITTMAN

[187 N.C. App. 195 (2007)]

Discussion

On 13 January 2003, defendant was indicted on one count of attempted first degree murder, one count of first degree kidnapping, and one count of felony conspiracy. The State's evidence tended to show that in November 2002, defendant took his six-week-old daughter from her mother, without the mother's knowledge, and abandoned the infant in an unheated, collapsing shed out in the country. Although two days passed before the baby was found, during which time the temperature dropped into the 30s, the baby survived. A jury found defendant guilty on all three counts of the indictment.

During sentencing, the trial judge found as an aggravating factor that the victim was very young and found as mitigating factors that defendant had been honorably discharged from the armed services, had supported his family, and had a support system in the community. The judge determined that the aggravating factor outweighed the mitigating factors and sentenced defendant in the aggravated range to consecutive sentences of 196 to 245 months on the attempted murder conviction, 92 to 120 months on the first degree kidnapping conviction, and 80 to 105 months on the conspiracy conviction.

Defendant timely appealed and, while this case was pending on appeal, filed two motions for appropriate relief based on *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004). This Court affirmed defendant's convictions, but remanded for resentencing based on *Blakely*. *See State v. Pittman*, 174 N.C. App. 745, 754-55, 622 S.E.2d 135, 142 (2005). The North Carolina Supreme Court allowed the State's petition for discretionary review and remanded to this Court for reconsideration of that portion of our opinion ordering resentencing.

The United States Supreme Court has held that aggravating factors other than prior convictions that increase a defendant's sentence "beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000). Further, "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303, 159 L. Ed. 2d at 413, 124 S. Ct. at 2537 (emphasis omitted). "Thus, while a trial court may impose an aggravated sentence on the basis of admissions made by a defendant, error occurs when a judge aggra-

STATE v. PITTMAN

[187 N.C. App. 195 (2007)]

vates a criminal sentence on the basis of findings made by the judge that are in addition to or in lieu of findings made by a jury." *Hurt*, 361 N.C. at 329, 643 S.E.2d at 917.

Nevertheless, a trial court's reliance in sentencing on an aggravating factor not submitted to the jury does not automatically require resentencing. *See Blackwell*, 361 N.C. at 51-52, 638 S.E.2d at 459. Instead, "we must determine from the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." *Id.* at 49, 638 S.E.2d at 458.

Here, the sole aggravating factor found by the trial court was that the victim was very young. Since it is undisputed that the victim was only six weeks old, there can be no serious doubt that a rational jury would have found this aggravating factor beyond a reasonable doubt. Therefore, pursuant to *Blackwell*, we hold that any error under *Blakely* was harmless beyond a reasonable doubt and uphold the trial court's sentence.

No error.

Chief Judge MARTIN and Judge CALABRIA concur.