STATE OF NORTH CAROLINA v. CRAIG CLIFFORD WISSINK

No. COA04-1081-2

(Filed 6 November 2007)

**Sentencing— aggravating factor—committed offense while on probation—*Blakely* error—harmless beyond reasonable doubt**

Assuming that defendant did not stipulate to the fact that he was on probation at the time of the offense at issue in the present case and that *Blakely* error did occur, any error was harmless beyond a reasonable doubt, because: (1) during defendant's interview with officers which was introduced in evidence, defendant admitted that he was on probation on the date of the offense; (2) both the State and defense counsel signed the prior record level worksheet indicating that defendant was on probation at the time

of the offense, and the parties agreed at trial that defendant had one prior record level point based on defendant being on probation at the time of the offense; and (3) there was overwhelming and uncontroverted evidence that defendant committed the offense of discharging a firearm into occupied property while he was on probation for another offense.

Appeal by Defendant from judgments entered 1 April 2004 by Judge Knox V. Jenkins in Superior Court, Cumberland County. Heard in the Court of Appeals 11 May 2005, and opinion filed 16 August 2005, finding sentencing error and remanding for resentencing. On remand to this Court by opinion of the North Carolina Supreme Court filed 28 June 2007 reversing in part and remanding for reconsideration in light of *State v. Hurt*, 361 N.C. 325, 643 S.E.2d 915 (2007), and *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006).

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*M. Alexander Charns for Defendant.*

McGEE, Judge.

This case comes before us on remand from the North Carolina Supreme Court for reconsideration in light of its decisions in *State v. Hurt*, 361 N.C. 325, 643 S.E.2d 915 (2007), and *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied, Blackwell v. North Carolina,* —— U.S. ——, 167 L. Ed. 2d 1114 (2007). Assuming that Craig Clifford Wissink (Defendant) did not stipulate to the fact that he was on probation at the time of the offense at issue in the present case, and that *Blakely* error did occur, we hold that any error was harmless beyond a reasonable doubt.

Defendant pleaded not guilty to charges of first-degree murder, conspiracy to commit robbery with a dangerous weapon, attempted robbery with a dangerous weapon, discharging a firearm into occupied property, and felonious larceny of a motor vehicle. Prior to trial, the State dismissed the charge of conspiracy to commit robbery with a dangerous weapon. A jury found Defendant guilty of first-degree murder, attempted robbery with a firearm, discharging a firearm into occupied property, and misdemeanor larceny of a motor vehicle. The trial court arrested judgment on the charge of attempted robbery with a firearm because it merged with the first-degree murder charge.

**STATE v. WISSINK**

[187 N.C. App. 185 (2007)]

The trial court found that Defendant committed the offense of discharging a firearm into occupied property while Defendant was on probation. As a result, Defendant's prior record level points increased from eight to nine, and his prior record level increased from III to IV. N.C. Gen. Stat. § 15A-1340.14(b)(7) (2003) (if a defendant commits an offense while on probation, the defendant is assigned one point); N.C. Gen. Stat. § 15A-1340.14(c)(4) (2003) (a defendant with nine prior record points has a prior record Level IV). The trial court sentenced Defendant to life imprisonment without parole for the first-degree murder charge, thirty-seven to fifty-four months for the charge of discharging a firearm into occupied property, and sixty days for the charge of misdemeanor larceny of a motor vehicle.

Defendant appealed the convictions and sentences. In *State v. Wissink*, 172 N.C. App. 829, 617 S.E.2d 319 (2005), our Court found no error in Defendant's convictions but remanded the case for resentencing. Our Supreme Court allowed the State's petition for writ of supersedeas and petition for discretionary review on 19 December 2006. *State v. Wissink*, 361 N.C. 180, 640 S.E.2d 392 (2006). In *State v. Wissink*, 361 N.C. 418, 645 S.E.2d 761 (2007) (per curiam), our Supreme Court reversed our decision to remand the case for resentencing and remanded the case to this Court for reconsideration in light of *Hurt* and *Blackwell*. *Id.* at 419, 645 S.E.2d at 761. Our Supreme Court also stated that "[t]he Court of Appeals opinion remains undisturbed in all other respects." *Id.*

---

In *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 147 L. Ed. 2d at 455. In *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, *reh'g denied*, 542 U.S. 961, 159 L. Ed. 2d 851 (2004), the Supreme Court further held:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum [the judge] may impose *without* any additional findings.

*Id.* at 303-04, 159 L. Ed. 2d at 413-14 (internal citations omitted).

In *Hurt,* our Supreme Court held that "a judge may not find an aggravating factor on the basis of a defendant's admission unless that defendant personally or through counsel admits the necessary facts or admits that the aggravating factor is applicable." *Hurt,* 361 N.C. at 330, 643 S.E.2d at 918. This holding seems to suggest that when defense counsel admits the facts necessary for an aggravating factor, such a finding by a trial court does not constitute *Blakely* error.

In *Blackwell,* our Supreme Court held that in accordance with *Washington v. Recuenco,* 548 U.S. ——, 165 L. Ed. 2d 466 (2006), *Blakely* error is subject to harmless error review. *Blackwell,* 361 N.C. at 44, 638 S.E.2d at 455. "In conducting harmless error review, we must determine from the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." *Id.* at 49, 638 S.E.2d at 458 (citing *Neder v. United States,* 527 U.S. 1, 9, 144 L. Ed. 2d 35, 47 (1999)). Our Supreme Court further held that "[a] defendant may not avoid a conclusion that evidence of an aggravating factor is 'uncontroverted' by merely raising an objection at trial. Instead, the defendant must 'bring forth facts contesting the omitted element,' and must have 'raised evidence sufficient to support a contrary finding.' " *Id.* at 50, 638 S.E.2d at 458 (quoting *Neder,* 527 U.S. at 19, 144 L. Ed. 2d at 53).

In the present case, the following colloquy occurred at trial:

[THE STATE]: . . . the prior record level . . . worksheet . . . shows that . . . [D]efendant . . . has two—eight points plus a one point, that . . . he was on probation at the time of this offense, which gives him nine record level points, and he's a level IV for the . . . sentencing, Your Honor.

My understanding, Your Honor, is that would probably only . . . apply to discharging a weapon into occupied property, a class E Felony. The misdemeanor he'd be a level II, if the Court—

THE COURT: All right.

[DEFENSE COUNSEL]: I think that's correct, Your Honor.

The State argues that, as a result of defense counsel's statements, Defendant stipulated to the fact that he was on probation at the time he committed the offense of discharging a firearm into occupied property. However, we need not decide whether, pursuant to *Hurt,* Defendant stipulated to that fact. Even assuming that defense coun-

**STATE v. WISSINK**

[187 N.C. App. 185 (2007)]

sel's statement did not amount to a stipulation, and that *Blakely* error occurred, any error was harmless beyond a reasonable doubt.

During Defendant's interview with Lieutenant Sam Pennica and Sergeant Ray Wood, which was introduced into evidence, Defendant admitted that he was on probation on 27 September 2000, the date of the offense at issue in the present case. Moreover, in section I of Defendant's prior record level worksheet, Defendant was given eight points for prior convictions. Defendant also was given one point because he committed the offense at issue in the present case "(a) while on supervised or unsupervised probation, parole, or post-release supervision; or (b) while serving a sentence of imprisonment; or (c) while on escape." In section II of Defendant's prior record level worksheet, Defendant was assigned a prior record level of IV because he had a total of nine points from section I. Section III, entitled "Stipulation," states as follows:

> The [State] and defense counsel . . . stipulate to the accuracy of the information set out in Sections I. and IV. of this form, including the classification and points assigned to any out-of-state convictions, and agree with . . . [D]efendant's prior record level or prior conviction level as set out in Section II.

Both the State and defense counsel signed the prior record level worksheet. Additionally, as we set forth above, the State said at trial that Defendant had one prior record level point because Defendant was on probation at the time of the offense, and defense counsel stated: "I think that's correct, Your Honor."

Defendant does not contest this evidence. Rather, Defendant argues the trial court erred by not submitting this factual issue to a jury. However, based upon the evidence recited above, we hold there was overwhelming and uncontroverted evidence that Defendant committed the offense of discharging a firearm into occupied property while he was on probation for another offense. Therefore, even if *Blakely* error occurred, any *Blakely* error was harmless beyond a reasonable doubt.

Except as herein modified, the opinion filed by this Court on 16 August 2005 remains in full force and effect.

No prejudicial error.

Judges CALABRIA and ELMORE concur.