STATE OF NORTH CAROLINA
v.
WILLIAM JOSEPH REESE, III, Defendant.
No. COA08-1336
Court of Appeals of North Carolina.
Filed June 2, 2009
Amos Granger Tyndall for defendant.
Attorney General Roy Cooper, by Assistant Attorney General Jess D. Mekeel, for the State.
ELMORE, Judge.
William J. Reese, III (defendant), appeals from a jury verdict finding him guilty of driving while impaired. After careful review, we find no error.

I.
On 27 July 2006, Officer D.R. Osborne of the Raleigh Police Department was on patrol in downtown Raleigh. Around 1:00 a.m., he heard screeching tires and observed a white car being driven erratically and weaving across the three lanes of Dawson Street. Officer Osborne followed the car, activated his blue lights, and pulled the car over. He noticed that the driver of the car, defendant, was slumped down in his seat and smelled strongly of alcohol.
Officer Osborne asked defendant to exit the car, but defendant refused to comply with the officer's requests and was verbally combative; specifically, Officer Osborne testified: "He basically told me that he knew the law. That I was a redneck. That he knew the law. That he could have my job. [That h]e went to Duke. . . . [That] he could buy and sell me[.]" Defendant refused to participate in any field sobriety tests or answer any of Officer Osborne's questions, instead stating he wanted an attorney. Officer Osborne testified that, from defendant's responses, his slurred speech, and his staggering walk, he determined defendant was impaired and took him into custody, as "[i]t was not safe to let him drive at that time."
Defendant was taken to the City-County Bureau of Investigation (CCBI), where, during the thirty-minute observation period, defendant placed a phone call, apparently reaching an answering service. Defendant then declined to take the Intoxilyzer test. He was charged with driving while impaired.
Defendant was convicted of driving while impaired in violation of N.C. Gen. Stat. § 20-138.1, a misdemeanor. N.C. Gen. Stat. § 20-138.1(d) (2007). At the sentencing hearing, defendant stipulated to the aggravating factor of "especially dangerous driving," and the State agreed to the mitigating factor that defendant had voluntarily submitted to a mental health facility forassessment. The trial court found that the aggravating factor was "substantially counterbalanced" by the mitigating factor.
Defendant was sentenced to ninety days' imprisonment, suspended, and twelve months' probation. That probation was initially supervised, but was to become unsupervised once defendant paid costs, a fine, and a community service fee, totaling $757.50; obtained a substance abuse assessment; and completed forty-eight hours of community service within ninety days.

II.
Defendant argues to this Court that the trial court erred in accepting the stipulation to the aggravating factor of "especially dangerous driving." We disagree.
Defendant roots his argument in both constitutional and statutory law. However, defendant made no such constitutional argument to the trial court, and so may not make it for the first time to this Court. See, e.g., State v. Lloyd, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001) ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal."). We note briefly however that defendant's argument  that the stipulation to the aggravating fact was invalid because it was made by defendant's counsel, rather than by defendant himself  is in direct contradiction to this Court's express holdings. See State v. Hurt, 361 N.C. 325, 330, 643 S.E.2d 915, 918 (2007) ("[A] judge may not find an aggravating factor on the basis of a defendant's admission unless that defendant personally or through counsel admits the necessary facts or admits that the aggravatingfactor is applicable.") (emphasis supplied) (citing Blakely v. Washington, 542 U.S. 296, 303, 159 L. Ed. 2d 403, 413 (2004)).
Defendant argues that the trial court erred by letting defendant stipulate to the aggravating factor because, per N.C. Gen. Stat. § 20-179(a1), such a factor must be submitted to the jury. Defendant bases this argument on N.C. Gen. Stat. § 15A-1022.1, which lays out specific requirements a trial court must go through in order to accept as admissions the existence of aggravating factors. N.C. Gen. Stat. § 15A-1022.1 (2007). However, as the State notes, defendant was convicted of a misdemeanor, and this section applies only to felonies  indeed, its title is "Procedure in accepting admissions of the existence of aggravating factors in felonies[.]" Id. As such, it is inapplicable, and defendant's argument fails.
No error.
Judges STROUD and ERVIN concur.
Report per Rule 30(e).